THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Y.F., <br><br> Plaintiff, <br><br> v. <br><br> ADT, LLC, et al., <br><br> Defendants. | Civil No. 24-9012 (CPO/EAP) |

**MEMORANDUM ORDER**

This matter having come before the Court on Plaintiff Y.F.'s Motion to Proceed Pseudonymously, ECF No. 26; and Defendant Safe Haven Security Services, LLC having opposed the motion, ECF No. 27; and Defendant Safe Haven having filed a supplement to its opposition, ECF No. 29; and the Court having considered the parties' submissions; and the Court exercising its discretion to decide Plaintiff's Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1 L. Civ. R. 78.1; and for the following reasons, Plaintiff's motion is **GRANTED**.

A. **Factual and Procedural Background**[1]

1. The current action involves Plaintiff Y.F's allegations of rape and sexual assault by Defendant Joaquin J. Flores ("Flores") during her employment with Defendants Safe Haven Security Services, LLC and Safe Haven Security (collectively, "Safe Haven"). *See generally* ECF No. 1, Ex. A ("Complaint").

---

[1] The following facts are taken from Plaintiff's Complaint.

2. According to the Complaint, Safe Haven is an authorized ADT dealer that only conducts business on ADT's behalf. *Id.* ¶¶ 23-24. When ADT receives inquiries from prospective and existing customers, it refers them to authorized dealers, such as Safe Haven. *Id.* ¶ 25. Safe Haven then assigns the referrals to Relocation Managers who "meet with prospective and existing clients at their homes or businesses" to negotiate contracts. *Id.* ¶¶ 27, 29.

3. In approximately June 2022, Safe Haven hired Plaintiff as a Relocation Manager. *Id.* ¶ 39. After Plaintiff completed several weeks of training, she alleges that her "sales were sufficient, and she did not require any remedial training or ride-a-longs from any trainers." *Id.* ¶ 41.

4. ADT and/or Safe Haven employed Defendant Joaquin Flores as a national trainer, who "traveled from office-to-office training ADT and/or Safe Haven employees." *Id.* ¶¶ 9, 35.

5. According to the Complaint, on August 11, 2022, Flores accompanied Plaintiff on three sales calls, driving them both in his vehicle. *Id.* ¶¶ 53-54. After closing a deal with the third sales call around 6:00 p.m., Plaintiff alleges that Flores and the customer began consuming alcohol, and Flores encouraged her to do the same "in order to make the customer happy and establish a long-term business relationship." *Id.* ¶ 58. Around 10:00 p.m., Plaintiff and Flores left the customer's residence in Flores' vehicle. *Id.* ¶ 61. The Complaint states that, shortly after leaving the residence, Flores pulled his vehicle off to the side of the road. *Id.* ¶ 62. Plaintiff then fell asleep in the front seat of the vehicle and when she awoke, "possibly after midnight on August 12, 2022, she found herself on the passenger side of the back seat of Flores's vehicle, which was still on the side of the road." *Id.* ¶ 65. She alleges "[h]er feet were outside the vehicle, her underwear was pulled down, and Flores was inserting his penis into her vagina." *Id.* Plaintiff alleges that she informed Flores to stop and did not consent to sexual contact with him. *Id.* ¶¶ 66, 68.

6. On or about August 12, 2022, Plaintiff reported the incident to her managers at Safe Haven. *Id.* ¶ 69. The following day, Plaintiff reported the incident to the Egg Harbor City, New

Jersey Police Department, who referred her to the Galloway, New Jersey Police Department. *Id.* ¶ 70. The Galloway Police Department accompanied Plaintiff to the Atlantic Care–P[o]mona Hospital emergency room where a sexual abuse nurse examined her. *Id.* ¶ 71. Subsequently, a Safe Haven human resources representative contacted Plaintiff. *Id.* ¶ 72. Plaintiff alleges that Flores's employment "was suspended then reinstated for having imbibed alcohol with a subordinate and client, but not for the sexual assault." *Id.* ¶ 73.

7. On August 9, 2024, Plaintiff filed this action in the New Jersey Superior Court against Defendants Safe Haven Security and Flores, among others.[2] The Complaint set forth the following causes of action: (1) negligence (Counts One, Two), *id.* ¶¶ 74-89; (2) negligent infliction of emotional distress (Counts Three, Four), *id.* ¶¶ 90-95; (3) vicarious liability-respondeat superior (Counts Five, Six), *id.* ¶¶ 96-107; (4) violation of the New Jersey Law Against Discrimination, ("LAD"), N.J.S.A. 10:5-1 *et seq.* (Count Seven), *id.* ¶¶ 108-22; (5) aggravated sexual assault, sexual assault, and criminal sexual contact (Count Eight), *id.* ¶¶ 123-31; (6) assault (Count Nine), *id.* ¶¶ 132-38; and (7) battery (Count Ten), *id.* ¶¶ 139-44. On September 6, 2024, Defendants ADT, LLC and Safe Haven, LLC jointly removed this action to this Court. ECF No. 1, Notice of Removal ¶ 1. Given the nature of the allegations in the Complaint, Plaintiff filed this action pseudonymously, seeking to maintain full confidentiality.

8. On December 13, 2024, Plaintiff filed the present motion seeking an Order permitting her to proceed pseudonymously, arguing that "the specific nature of this case, the harms Plaintiff will suffer if her name is made public, and the public benefit of encouraging the exposure of and accountability for sexual assault in the workplace" weigh in favor of granting Plaintiff's motion.

---

[2] Plaintiff originally included ADT, LLC and ADT Security Systems, Inc. as Defendants. *See generally* ECF No. 1, Ex. A (Compl.). On May 15, 2025, the parties stipulated to dismissal of the ADT Defendants. *See* ECF No. 37 (Stip. Of Dismissal").

3

ECF No. 26, ("Pl.'s Motion"); ECF No. 26-2, ("Pl.'s Br.") at 14. Plaintiff also contends that Safe Haven and ADT already know Plaintiff's identity and will be able to conduct all relevant discovery consistent with the Federal Rules of Civil Procedure. Pl.'s Br. at 13.

9. On January 7, 2025, Safe Haven, LLC filed opposition to Plaintiff's motion arguing that allowing Plaintiff to proceed pseudonymously, while publicly identifying Defendants, "runs contrary to fundamental concepts of the American judicial system and prejudices Defendants' ability to defend themselves." ECF No. 27, ("Def.'s Opp.") at 10. Further, Safe Haven argues the impracticability of investigating Plaintiff's allegations and deposing witnesses without disclosure of Plaintiff's identity. *Id.* at 9. On February 22, 2025, Safe Haven filed a supplemental letter to its opposition amending its arguments in light of new factual developments. ECF No 29, ("Def.'s Supp.").

**B.    Legal Standard**

10. "[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citation omitted). Federal Rule of Civil Procedure 10(a) encompasses that principal by "requir[ing] parties to a lawsuit to identify themselves in their respective pleadings." *Id*. at 408 (citing Fed. R. Civ. P.10(a)). As such, our legal system operates under a strong presumption of public proceedings and publicly filed documents, including the identities of parties filing those documents. *Id*.

11. Nonetheless, courts have recognized that "in exceptional cases" a party may proceed anonymously. *Id*. Courts have allowed pseudonyms in cases involving "'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality," *id*. (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)) as well as "cases involving victims of sexual assault." *Doe v. Princeton Univ*., No. 20-4352, 2020 WL 3962268, at *2 (D.N.J. July 13, 2020) (cleaned up).

4

12. The Third Circuit Court of Appeals has adopted a non-exhaustive list of factors courts must balance when evaluating a litigant's request to proceed pseudonymously. *Megless*, 654 F3d at 409-10. The *Megless* factors require "a fact-specific, case-by-case analysis." *Doe v. Coll. of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021). The fundamental question in this analysis is to determine "whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation." *Megless*, 654 F.3d at 409 (citation omitted). The factors that weigh in favor of anonymity include:

> (1) the extent to which the litigant's identity has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Coll. of N.J.*, 997 F.3d at 495 (quoting *Megless*, 654 F.3d at 409).

13. The factors that weigh against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in. knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to the pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id*. (quoting *Megless*, 65 F. 3d at 409).

14. Ultimately, "[t]he *Megless* factors require a fact-specific, case-by-case analysis." *Id.* "The decision to allow a plaintiff to proceed anonymously rests within the sound discretion of the court[,]" and it will not be disturbed on appeal absent abuse of that discretion. *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. 2014).

C.  **Analysis**

16. Applying the above standard, the Court finds that the *Megless* factors weigh in favor of granting Plaintiff's Motion to Proceed Pseudonymously.

16. Initially addressing the factors weighing in favor of anonymity, the Court must first consider the extent to which the identity of the Plaintiff has been kept confidential. *Megless*, 654 F.3d at 409. Courts in the Third Circuit have found that litigants have taken the proper steps to maintain confidentiality where they limited disclosure to immediate family and friends, relevant witnesses, advisors, and legal counsel. *Doe v. Trishul Consultancy, LLC*, No. 18-16468, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019) (finding the plaintiff maintained sufficient confidentiality where "the only people . . . aware of [plaintiff's] identity are parties to this litigation"); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (finding plaintiff maintained sufficient confidentiality where he "only revealed to his immediate family, medical providers and his counsel that he is suffering from mental illnesses which have allegedly disabled him.")

17. Here, Plaintiff contends that she has "made every effort to maintain the confidentiality of [her] identity with the intention of minimizing the risk of compromising [her] mental health." ECF No. 26-4, ("Pl.'s Certif.") ¶ 5. She certifies that she has only disclosed the incident to the police, emergency room staff, her employer, a friend at her job, her life partner, and her treating psychologists. *Id.* ¶¶ 7-9, 12.

18. While Safe Haven initially acknowledged that Plaintiff's limited disclosure supported her motion to proceed pseudonymously, it subsequently changed its position. In its supplement to its opposition, Safe Haven argues this factor no longer favors Plaintiff because she "voluntarily produced to all Defendants the contents of a file subpoenaed from the Atlantic County Prosecutor's Office" that contains Plaintiff's full and unredacted name. Def.'s Opp. at 3-4; Def.'s Supp. at 1. Safe Haven asserts that although it already knew Plaintiff's identity, "Co-Defendant ADT . . .was

not Plaintiff's employer and, presumably, had no knowledge as to Plaintiff's identity prior to this disclosure." Def.'s Supp. at 2. Such a disclosure, however, does not tip this factor against Plaintiff's request to remain anonymous because at the time of the disclosure, ADT was a party to the litigation. *See Trishul Consultancy, LLC*, 2019 WL 4750078, at *4 (permitting victim of alleged sexual assault to proceed anonymously where only parties to the litigation were aware of the plaintiff's identity). The Court finds that Plaintiff has taken sufficient steps to maintain the confidentiality of her identity, limiting disclosure only to significant individuals in her personal life and the current and former parties to this litigation. Thus, this factor weighs in favor of Plaintiff's motion to proceed pseudonymously.

19. Second, the Court must consider "the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases." *Princeton Univ.*, 2020 WL 3962268, at *3. Courts in the Third Circuit have repeatedly allowed victims of sexual assault to proceed under a pseudonym due to a reasonable fear of harm from disclosure of their identities. *See, e.g.*, *Doe v. New Jersey*, No. 24-9531, 2024 WL 4880260, at * 2 (D.N.J. Nov. 25, 2024) (finding that plaintiff's claims of sexual assault constitute exceptional circumstances warranting anonymity); *Doe v. City of Phila*, No. 23-0342, 2023 WL 4110064, at *3 (E.D. Pa. June 21, 2023) (holding that plaintiff's "fear of substantial public stigmatization and backlash . . . given her detailed allegations of sexual assault at the hands of a law enforcement agent" weighed in favor of anonymity); *Doe v. Schuylkill Cnty. Courthouse*, No. 21-477, 2022 WL 1424983, at *8 (M.D. Pa. May 5, 2022) (finding that fear of stigmatization and ongoing embarrassment and humiliation is "a consideration which has been held to weigh in favor of anonymity for plaintiffs who have alleged they were sexually harassed or assaulted" (citations omitted)); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (granting sex assault victim's motion to proceed under a pseudonym where plaintiff's "fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates" learn

about the assault is "well-founded"); *Trishul Consultancy*, *LLC*, 2019 WL 4750078, at *4 (finding that anonymity may be appropriate where the disclosure of a sexual assault victim's identity poses the potential for severe emotional harm and revictimization) .

20.     Here, Plaintiff has alleged that she was a victim of rape and sexual assault by Defendant Flores that occurred during the course and in the scope of her Safe Haven employment. *See generally* Complaint.  As a result, Plaintiff alleges that she experiences "PTSD symptoms, anguish, anxiety, fear, and misplaced guilt." Pl's Certif. ¶ 4.  Plaintiff further alleges that she fears disclosing her identity would cause her to be "ashamed, embarrassed, perhaps harassed, or treated differently" and "would potentially cause triggering events in [her] daily life . . . [that] would derail the long road ahead towards improving [her] mental and emotional state." *Id*. ¶¶ 11, 13.  Safe Haven responds that Plaintiff has failed to "specify the basis for fear of having to proceed under her real name beyond her being 'ashamed, embarrassed, perhaps harassed or treated differently.'"  Def.'s Opp. at 4.[3]  Given Plaintiff's status as an alleged victim of rape and sexual assault victim, however,

---

[3] Safe Haven cites several cases in support of its position that the type of harm alleged by Plaintiff has been rejected, all of which the Court finds distinguishable.  First, Safe Haven relies heavily on *Doe v. County of Lehigh*, No. 20-3089, 2020 WL 7319544 (E.D. Pa. Dec. 11, 2020) for the proposition that fear of embarrassment is insufficient to justify proceeding with a pseudonym. Def.'s Opp. at 4.  The *County of Lehigh* court recognized, however, that "District Courts within the Third Circuit have found severe harm where the plaintiff is a victim of sexual assault" and have "require[d] a showing of 'potential for severe harm that exceeds mere embarrassment.'" *Id.* (cleaned up).  Here, unlike in *County of Lehigh*, Plaintiff does not just allege mere embarrassment or risk of stigma, but rather expressly claims that she fears potential exacerbation of her mental and emotional state if required to appear publicly.  Pl's Certif. ¶¶ 4, 11, 13.

Safe Haven's citation to *Doe v. Princeton University* is also distinguishable.  There, the plaintiff was an alleged perpetrator of sexual assault, and the court found that "fear of social stigmatization as an alleged perpetrator . . . does not rise to the requisite level favoring anonymity, nor does related embarrassment or economic harm." 2020 WL 3962268, at *3.  The court recognized that, by contrast, "victims of sexual assault have been deemed members of a vulnerable class worthy of protected status." *Id.*

Finally, Safe Haven cites to *F.B. v. East Stroudsburg University*, No. 09-525, 2009 WL 2003363 (M.D. Pa. July 7, 2009), where the court held that while victims of sexual harassment "may be subjected to embarrassment and emotional distress should they be named, the complaint's allegation[s] are that [defendant] sexually harassed *them*, not that the plaintiffs themselves acted

and her associated reasonable fear that disclosure of her identity would cause deterioration of her mental and emotional well-being, the Court finds that anonymity is appropriate. Accordingly, the Court finds that this factor weighs in favor of Plaintiff's motion to proceed pseudonymously.

21. Third, the Court must consider the "magnitude of the public interest in maintaining the confidentiality of the litigant's identity[.]" *Megless*, 654 F.3d at 409 (quotation omitted). This factor supports anonymity if "other similarly situated litigants [would] be deterred from litigating claims that the public would like to have litigated" if they could not proceed pseudonymously. *Id.* at 410. Courts have determined that the public may have an interest in maintaining the litigant's anonymity when "the litigant is a member of a particularly vulnerable class, the subject matter is highly personal, or undesirable consequences would flow from open litigation." *Princeton Univ.*, 2019 WL 5587327, at *4 (granting motion to proceed under a pseudonym where plaintiff was alleged victim of sexual assault and noting that victims of sexual assault have been deemed members of "a vulnerable class worthy of protected status"); *Oshrin*, 299 F.R.D. at 104 (D.N.J. May 28, 2014) (finding that "'the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights.'" (quoting *Evans*, 202 F.R.D. at 176)); *Doe v. Rutgers*, No. 18-12952, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019) ("There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs.").

22. Plaintiff contends that because of the alleged rape and sexual assault, she experiences PTSD symptoms, anguish, anxiety, fear, and misplaced guilt, all of which require her to attend frequent therapy sessions. Pl's Certif. ¶¶ 3-4. She argues that the public interest supports her

---

inappropriately." *Id.* at *3 (emphasis in original). That case, however, involved sexual harassment and assault, as opposed to the rape alleged here. *Id.* at *1. Cognizant that the *Megless* factors are highly fact specific and require a case-by-case analysis, *see Coll. of N.J.*, 997 F.3d at 495, the Court does not find *F.B.* persuasive as to the outcome here.

9

anonymity because the facts demonstrate she was "by definition vulnerable" and allowing her to proceed pseudonymously would encourage a class of similarly situated victims to pursue their cases. Pl.'s Br. at 10. While Safe Haven counters that the public interest opposes anonymity because "[l]itigants all over the country file these types of cases under their own name on a regular basis[,]" Def.'s Opp. at 6, the repeated judicial recognition of the significant public interest in protecting the privacy of sexual assault victims causes this factor to weigh in favor of Plaintiff's motion here.

23. Fourth, the Court must analyze the public's interest in ascertaining Plaintiff's identity. *See Megless*, 654 F.3d at 409. "There is an atypically weak public interest in knowing the litigant's identities[]" in cases where the issues presented involve primarily questions of law rather than fact. *Id*. (quoting *Provident Life*, 176 F.R.D. at 467-68); *compare L.A. v. Hoffman*, No. 14-6985, 2015 WL 4461852,*2 (D.N.J. July 21, 2025) (granting plaintiffs' motion to proceed anonymously where the individual facts and circumstances were not central to their constitutional challenge of a statute) *with Doe v. City of Philadelphia*, 2023 WL 4110064, at *3 (finding that Plaintiff's claims involving factual disputes about the defendant police officer's alleged harassment and defendant employer's awareness of such conduct weighed against proceeding anonymously).

24. Here, Plaintiff concedes that this case involves questions of both law and fact but asserts that the public interest in this case pertains to facts about Defendants' conduct and not Plaintiff's identity. Pl.'s Br. at 10-11. Safe Haven responds that, under Third Circuit case law, the existence of fact questions weighs against anonymity. While the Court agrees that Plaintiff's claims are highly fact-dependent, the proceedings as a whole will be public, thereby preserving the public's ability to follow the progress of the litigation. Given that Plaintiff is a non-public figure, the public

10

will have little need or interest in learning her identity. Therefore, the Court finds that this factor weighs only slightly against Plaintiff's motion to proceed pseudonymously.[4]

25. Fifth, the Court must consider the "'undesirability of an outcome adverse to the pseudonymous party and attributable to [the party's] refusal to pursue the case at the price of being publicly identified.'" *Megless*, 654 F.3d at 409 (quoting *Provident Life*, 176 F.R.D. at 467). In other words, where a plaintiff may "sacrifice a potentially valid claim simply to preserve their anonymity," the Court may weigh this factor in favor of a request to proceed pseudonymously. *Id*. at 410.

26. Plaintiff has not indicated that she will forego her claims if required to proceed publicly. Pl.'s Br. at 11.[5] Absent any such indication, the Court finds that this factor does not weigh in favor of her motion to proceed pseudonymously.

27. Sixth, the last *Megless* factor in favor of anonymity asks, "whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Megless*, 654 F.3d at 409 (quotation omitted). Plaintiff alleges that her request for anonymity is based on the sensitive nature of the case, as well as the fear of shame, embarrassment, or harassment that would "derail the long road ahead towards improving [her] mental and emotional state." Pl's Certif. at 2. Safe Haven has put forth no

---

[4] The Court acknowledges Safe Haven's legitimate concerns about potential limitations on discovery, which will require Safe Haven to interview third parties who may have witnessed Plaintiff's interactions with Flores. Def.'s Opp. at 9. Allowing Plaintiff to proceed anonymously, however, does not leave it without recourse. Should Safe Haven determine that disclosure of Plaintiff's identity becomes necessary during the discovery process, it may submit an *ex parte* letter to the Court explaining the necessity of the disclosure as it pertains to a particular witness interview or deposition. The Court will then make a ruling on what alternative measures Safe Haven may take to both protect Plaintiff's privacy interests but still allow Defendant the opportunity to conduct full and fair discovery. *See Doe P.B. v. Wyndham Hotels & Resorts*, 750 F. Supp. 3d 484 (D.N.J. 2024) (requiring that defendants have potential witnesses sign a discovery confidentiality order to protect identity of plaintiff, who was proceeding anonymously).

[5] Plaintiff argues that the Court's analysis should consider "the possibility that victims of rape and sexual assault might be discouraged from litigating meritorious claims[.]" Pl.'s Br. at 11. That argument pertains to the third *Megless* factor. The fifth *Megless* factor examines whether Plaintiff herself would abandon her claims if anonymity were denied.

11

allegations or evidence of nefarious motives and concedes that this factor weighs in favor Plaintiff. Def.'s Opp. at 4; Def.'s Supp. at 2.  The Court has no reason to believe that Plaintiff has illegitimate or ulterior motives, and therefore, this factor weighs in favor of Plaintiff's requested relief.

28. Turning to the *Megless* factors that weigh against anonymity, the Court finds that these factors "do not tip the balance" against Plaintiff's motion.  *Rutgers*, 2019 WL 1967021, at *4.

29. First, the Court acknowledges "the thumb on the scale that is the universal interest in favor of open judicial proceedings." *Megless*, 654 F.3d at 411.  "[T]he public's interest in open judicial proceedings always runs counter to a litigant's interest in anonymity—the question is whether the interest in anonymity outweighs the public's interest." *Coll. of N.J.*, 997 F.3d at 496.

30. Second, the Court must consider "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's [sic] identities, beyond the public's interest which is normally obtained." *Megless*, 654 F.3d at 409 (quoting *Provident Life*, 176 F.R.D. at 467-68); *see also Doe v. New Jersey*, 2024 WL 4880260, at *4 (holding that because sexual assault is a common subject of litigation and the plaintiff was not a public figure, there was no heightened public interest).  Here, both Plaintiff and Safe Haven concede that this factor is not at issue.  Pl.'s Br. at 12; Def.'s Opp. at 9.  The Court agrees that neither the subject matter nor the identities of the litigants create an enhanced public interest in this litigation.  Accordingly, the Court concludes that this factor is neutral.

31. Third, the final factor weighing against anonymity asks the Court to consider "whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." *Megless*, 65 F. 3d at 409.  Safe Haven alleges that it opposes Plaintiff's motion because of the impracticality of investigating Plaintiff's allegations without disclosure of Plaintiff's identity. Def.'s Opp. at 9.  Plaintiff has neither alleged nor provided evidence that Safe Haven's opposition

12

stems from any illegitimate motivation. Therefore, this factor weighs against Plaintiff's request to proceed pseudonymously.

32. Considering the collective weight of these factors, the Court finds that the balance leans heavily in favor of allowing Plaintiff to proceed through the use of a pseudonym and sealing the verification of the Complaint. The sensitive factual circumstances alleged in this case, combined with the lack of any particularly enhanced public interest in the litigants, outweigh the importance of fully open judicial proceedings. Therefore,

**IT IS** this **10th** day of **June 2025**,

**ORDERED** that Plaintiff's Motion to Proceed Pseudonymously, ECF No. 26, is **GRANTED**; and it is further

**ORDERED** that Defendants are prohibited from filing or submitting any documents to the Court that contain references to Plaintiff's legal name without a specific Order from this Court; and it is further

**ORDERED** that Defendants are prohibited from making Plaintiff's identity public or publicly available without a specific Order from this Court.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.

13